UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                                                 )
        v. )  CRIMINAL NO. 04-10392-EFH
                                                 )
PETER GUNNING )
                                                 )

## MOTION TO SUPPRESS

The defendant, Peter Gunning, by counsel, comes before this Honorable Court
and moves to suppress (1) the search of his person; (2) the search of his vehicle; (3) all
statements made. Defendant submits that the searches of his person and his vehicle were
warrantless and not the result of a valid consent or other exceptions to the warrant
requirement. The statements obtained were in violation of <u>Miranda</u> and the defendant's
right to counsel. The aforementioned were all in violation of the 4th, 5th, and 6th
Amendments to the United States Constitution.

### Factual Statement

According to the prosecution reports, on February 26, 2004 mail carrier, Peter
Gunning, was questioned by Postal Inspectors concerning "theft of mail at the
Somerville, Massachusetts Post Office. Postal Inspectors had reason to believe that
Gunning had opened first class mail and secreted the contents on his person."
[Memorandum of Interview by Postal Inspectors, Kevin Stack, Ed Phillips, February 26,
2004][Attached].

After Postal Inspectors identified themselves they demanded Gunning empty the
contents of his pockets. He complied and placed a $10.00 Massachusetts lottery scratch
ticket, serial number 69-1573-010, on the table. The lottery ticket was taken from his

right jacket pocket. Postal Inspectors inquired where he got that ticket and Gunning said

he purchased it that morning at a store up the street from the post office. He was asked to

initial and date the back of the lottery ticket, which he did. The lottery ticket was the

contents of a test letter that had been prepared by Postal Inspectors.

Gunning was advised of his Constitutional Rights Against Self Incrimination by

Inspector Phillips, signed the Warning section of PS Form 1067 indicating he had been

advised of his rights and understood them. [See attached]. He refused to sign the attached

waiver of rights and "He said that "he did not wish to speak to us and wanted a lawyer."

He said he delivered Route 85 on Tuesday, February 24, 2004 which was the last day he

worked. Gunning was then asked about his work schedule and whether he used his

personal vehicle to deliver mail. He said that he drives a postal truck but that he also did

use his car for work, but there was no mail in it. The Postal Inspector's reports stated

Gunning has "a drive out agreement which allows his car to be searched."

He accompanied Postal Inspectors to his vehicle, MA plate 8178 DX. The vehicle

was unlocked. In the trunk there was a sack of mail. There were also items on the floor of

the vehicle which he said fell out of mail. The sack contained small parcels and flats, and

tapes for the blind. He said that he forgot to bring the mail inside the last time that he

worked.

The items recovered in the search of Gunning's person and his automobile were

seized by Postal Inspectors. He was placed on administrative leave and left the building.

The items recovered in the searches of his person and his vehicle and the statements

made, form both the basis for this prosecution and this motion to suppress.

2

## **Argument**

1.   The warrantless searches of Mr. Gunnings person, belongings, and vehicle violate the 4th Amendment Prohibition Against Unreasonable Searches and Seizures.

The evidence seized from Mr. Gunning was the result of warrantless searches of his person, belongings, and vehicle and should be suppressed. Mr. Gunning had a reasonable expectation of privacy in each of these areas and there existed no recognized exceptions to the Fourth Amendment's warrant and probable cause requirement. All statements made by Mr. Gunning and items seized by the Postal Inspectors were fruits of the Postal Inspectors' illegal stop and searches and should be suppressed.

Mr. Gunning has standing to challenge the searches of his person, belongings and vehicle. His reasonable expectation of privacy is in no way diminished because he was a government employee. O'Connor v. Ortega, 480 U.S. 709, 717 (1987) The Court held there that Fourth Amendment Rights are not diminished because an individual is an employee of the government rather than a private employer. 480 U.S. at 717. When the work place of a federal employee is to be searched for evidence of a crime, the warrant and probable cause requirements are in full force and effect. See O'Connor, 480 U.S. at 721-23; National Federation of Federal Employees v. Weinberger, 818 F.2d 935, 942, n. 12 (D.C. Cir. 1987).

Discovery provided by the government indicates no basis for probable cause to search Mr. Gunning. The searches of his person and his vehicle were conducted by Postal Inspectors for the express purpose of uncovering evidence of a crime they, themselves, had setup and hoped would occur. Under such circumstances Mr. Gunning is entitled to the full protection provided by the Fourth Amendment.

Each of the searches conducted were warrantless and not subject to any exception to the warrant requirement. In each Mr. Gunning had a reasonable expectation of privacy as to his person, contents of his pockets, and his motor vehicle. See United States Constitution, Amendment IV; O'Connor, supra, 480 U.S. at 716-17 (government employee has a reasonable expectation of privacy in personal items brought into the work place); Blok, supra, 188 F.2d at 1021 (government employees have a reasonable right to privacy against search and seizure of personal items in desk). Mr. Gunning's vehicle, used for the delivery for mail was in every sense the equivalent of the office, desk and workplace of the defendants in O'Connor and Blok.

Mr. Gunning also had a reasonable expectation of privacy in the mail entrusted to him or placed in his vehicle which had included the test piece. See Mancusi v. DeForte, 392 U.S. 364 (1968) (union employee had reasonable expectation of privacy in union files maintained in office he shared with another union employee); United States v. Kahan, 350 F. Supp. 784, 791 (S.D.N.Y. 1972), reversed on other grounds, 415 U.S. 239 (1974) (INS employee had reasonable expectation of privacy in portions of government forms he had thrown in a waste basket under his desk). Mr. Gunning had exclusive custody of the mail envelopes from the moment he received them, or placed them in his vehicle until he delivered them or returned them to the station as undeliverable. At all times he excluded all persons from his vehicle, locked the vehicle during intervals when he was not inside of it during his rounds, and had no reason to believe that any other person would go through the mail inside his vehicle for any reason.

The government bears the burden of demonstrating that warrantless searches were permissible under a recognized exception to the warrant requirement and probable cause

4

of the Fourth Amendment. Defendant submits that the government cannot do so and further, the following:

    1.    <u>The searches were not excused under Terry v. Ohio, 391 U.S. 1 (1968).</u>

The stop and warrantless searches of Mr. Gunning are not permissible under <u>Terry</u> as the Postal Inspectors could not have had a reasonable suspicion criminal conduct was afoot. Even if such gave rise to a reasonable suspicion, the scope of the searches far exceed the permissible limits of a warrrantless <u>Terry</u> search.

A <u>Terry</u> search can occur only when a law enforcement officer "observes unusual conduct which leads him reasonably conclude in light of his experience that criminal activity may be afoot." 392 U.S. 1 at 30 (1968). If that condition is met the investigating officer may do no more than "briefly stop the suspicious person and make reasonable inquiries aimed at confirming or denying his suspicions." 392 U.S. 1 at 30 (1968).

The Postal Inspectors did not witness any suspicious conduct on Mr. Gunning's part. Their actions represented nothing more than an unparticular raised suspicion or "hunch". <u>See</u> <u>United States v. Stanley</u>, 915 F.2d 54, 57 (1980), <u>quoting</u> <u>Terry</u>, 392 U.S. at 27.

Even so, the searches they conducted far exceeded the extremely limited scope of a warrantless search permissible under <u>Terry</u>. In such, the search permissible is limited to a protective search of the person "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." 392 U.S. at 26. See also <u>United States v. Schiavo</u>, 29 F.3d 6, 8-9 (1st Cir. 1994). "Upholding the suppression of contraband removed from a defendant's coat after a valid <u>Terry</u> stop and pat down. The Court held that once the officer was satisfied the defendant was not armed, any

further search was impermissible without a warrant or, at a minimum, probable cause to

believe the defendant possessed contraband coupled with exigent circumstances." Id. at

10.

The Postal Inspectors' "hunch" supports neither the stop of Mr. Gunning nor the

search of his pockets, personal belongings or his vehicle, all of which have nothing to do

with the limited search for weapons that is allowed by Terry.

     2.     The searches were not incident to arrest.

Postal Inspectors did not arrest Mr. Gunning on February 26, 2004 or any other

date. The government may not justify the searches as incident to an arrest. See Jones v.

United States, 357 U.S. 493 (1958); Smith v. Ohio, 494 U.S. 541 (1990) ("It is axiomatic

that an incident [to arrest] search may not precede an arrest and serve as part of its

justification"); United States v. Ortiz, 331 F. Supp. 514 (D. P.R. 1971).

Officials may not conduct a "general and exploratory" search or a "fishing

expedition" in an effort to "strengthen their case before arresting" a suspect. Ortiz, 331

F.Supp. at 519. A warrantless search is invalid where there has been no probable cause

prior to the search. United States v. Rivera, 867 F.2d 1261 (10th Cir. 1989).

     3.     The warrantless searches are not valid under the plain view doctrine.

Plain view is unavailable to the government because it cannot show that the Postal

Inspectors "did not violate the Fourth Amendment in arriving at the place from which the

evidence could be plainly viewed." Horton v. California, 496 U.S. 128, 136-7 (1990).

Equally problematic for the government, the evidence seized simply was not in plain

view. When Postal Inspectors confronted Mr. Gunning they ordered him to empty his

pockets. Similarly they went to his vehicle [MA plate  8178 DX] and opened the trunk

6

from which they seized mail. Plain view does not rescue an otherwise improper and illegal search by law enforcement officials and cannot be employed for the seizure of items not in plain view.

    4.    <u>No exigent circumstances existed, permitting a warrantless motor vehicle search.</u>

There were no exigent circumstances concerning the search of Gunning's person, belongings, or vehicle. Although he was not arrested he was detained and his vehicle immobilized. <u>See</u> <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971). A search warrant could have been applied for and obtained. There was ample opportunity but no probable cause.

    5.    <u>There was no consent to search.</u>

Mr. Gunning did not consent to the searches conducted. Consent given after an illegal search and seizure is invalid. <u>See</u> <u>e.g.</u> <u>Florida v. Royer</u>, 460 U.S. 491, 501 (1983); <u>United States v. Valdez</u>, 931 F.2d 1448, 1452 (11th Cir. 1991). Postal Inspectors ordered Mr. Gunning to empty his pockets thereby exceeding any lawful authority. <u>See</u> <u>Terry v. Ohio</u>, <u>supra</u>.

To justify the search of Mr. Gunning's vehicle Postal Inspectors' stated "Gunning has a drive out agreement which allows his car to be searched." Counsel is unaware of the precise terms of "a drive out agreement" or any agreement which purports to be a blanket waiver of Constitutional Rights for postal employees. The legality of such an agreement as a condition for Government employment is obviously suspect. More significantly, in this case, the government has conceded that no such agreement exists. Reliance by the Postal Inspectors on some nonexistent waiver is clearly illegal.

Failure to advise a defendant that he may withhold consent for a search, when combined with other improprieties (such as occurred here) has been held to invalidate consent. See United States v. Jones, 846 F.2d 358 (6th Cir. 1988). Gunning's compliance with the Postal Inspectors' order that he empty his pockets cannot be construed as consent.

The Postal Inspectors further stated in their reported interview that Mr. Gunning was read his Miranda rights (by Inspector Phillips and signed the warning section of PS Form 1067 indicating he had been advised of his rights and understood them). In response to this advice the report indicates Mr. Gunning "said he did not wish to speak to us and wanted a lawyer." Nevertheless the Postal Inspectors ignored Mr. Gunning's stated intention to assert his rights and continued to both interrogate him and conduct searches. The statements he provided must be suppressed. The failure to provide counsel points to serious illegalities in the interrogation, so as to vitiate the voluntariness of any statements made or consent to any search.

Similarly, it has been held: "Even so, the record does not support a finding of consent to search. What the record supports is a finding that defendant was acting in acquiescence to assertion of authority by the Postal Inspectors. [Emphasis in text] He was afraid of them, they were his superiors. And let us remember the words of ...the Government witness, who stated that the Postal Inspector has the right to inquire any employee on the grounds... and ask incriminating questions." 331 F. Supp. 514; United States v. Ortiz, 331 F. Supp. 514 (D. P.R. 1971). Verbal statements obtained from Mr. Gunning must be suppressed along with the tangible evidence seized. See Wong Sun v. United States, 371 U.S. 471, 485 (1963) ("[V]erbal evidence which derives so

8

immediately from an unlawful entry and an unauthorized arrest...is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion") (footnote omitted). Where an illegal search played a significant role in a suspect's decision to consent to a further search or to answer questions and waive Fifth Amendment rights, the consent and/or waiver are not valid. Id. at 486. Consent obtained by confronting a defendant with evidence that has been seized illegally is valid only where there is a non-tainted, legally sufficient basis for using such evidence. See United States v. Navedo-Colon, 996 F.2d 1337, 1339 (1st Cir. 1993) (rejecting defendant's assertion that his consent was coerced by agents informing him that illegal x-ray search of luggage showed cocaine where agent also told defendant of legal dog sniff showing cocaine).

Here, the Postal Inspectors illegally demanded to search Mr. Gunning's person and employed the illegally seized test piece as a basis for searching his vehicle and subjecting him to interrogation. In spite of their intention to threaten and coerce him into waiving his Fifth Amendment rights he nevertheless asserted those rights and requested a lawyer. In response Postal Inspectors simply ignored his assertion of rights and proceeded with the interrogation and additional searches. As to his vehicle, there was again no consent or waiver on Mr. Gunning's part but rather, the assertion by Postal Inspectors of a blanket authority to search; the result, they said of a "drive out agreement". There exists no evidence Mr. Gunning ever entered into such an agreement. All items seized from the searches of Mr. Gunning's person, belongings, and vehicle should be suppressed as fruit of the illegal stop, searches and seizures. All statements

made should be suppressed for violations of <u>Miranda</u> and the defendant's assertion of his constitutional rights.

### <u>Conclusion</u>

For all the forgoing, the Postal Inspectors on February 26, 2004 violated Mr. Gunning's rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution. All physical evidence seized from Mr. Gunning and all statements elicited should be excluded for violations of the Constitution directly and derivatively, as fruit of the poisonous tree. <u>Wong Sun</u>, <u>supra</u>, 371 U.S. 471.

Respectfully Submitted,
Peter Gunning,
By his attorney,

July 19, 2005

/s/ Benjamin D. Entine
77 Franklin Street
Boston, MA 02110
617-357-0770
BBO# 558533

10

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     CRIMINAL NO. 04-10392-EFH |
| | ) |
| PETER GUNNING | ) |
| | ) |

## **AFFIDAVITT**

The undersigned, affiant, subscribes and swears to the following:

1.    I, the undersigned, am an attorney in practice at The Law Offices of Benjamin Entine, 77 Franklin Street, Third Floor, Boston, MA 02110.

2.    I am CJA appointed counsel for the defendant, Peter Gunning.

3.    I have reviewed all evidence available, reports and affidavits submitted by federal authorities. I have conferenced this case with Assistant United States Attorney, S. Waqar Hasib and the defendant, Peter Gunning.

4.    The facts submitted are averred to on investigation, review of all available materials, best information and belief.

Subscribed and sworn this 19th day of July, 2005.

/s/ Benjamin D. Entine, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10392-EFH

UNITED STATES OF AMERICA

v.

PETER E. GUNNING

**FINAL STATUS REPORT**

May 26, 2005

DEIN, M.J.

A Final Status Conference was held before this court on Thursday, May 26,

2005, pursuant to the provisions of Local Rule 116.5(C).  Based on that conference,

this court enters the following report, in accordance with Local Rule 116.5(D):

1.   It appears at this time that a trial will be necessary.

2.   Discovery is completed at this time.

3.   There are no outstanding or anticipated discovery issues at this time.

4.   The defendant intends to file a motion to suppress.  The motion shall be
     filed by July 8, 2005.

5.   Based upon the prior orders of the court dated January 19, 2005, March
     1, 2005 and April 26, 2005, at the time of the Final Status Conference on
     May 26, 2005, there were thirteen (13) days of non-excludable time under
     the Speedy Trial Act (February 16, 2005 - February 28, 2005) and fifty-
     seven (**57**) days remaining under the Speedy Trial Act in which this case
     must be tried.  The court has, on this date, entered a Further Order on
     Excludable Time excluding the period through July 8, 2005 to enable the
     defendant time to prepare his motion.  The pendency of any motion shall
     result in further time being excluded under the Speedy Trial Act.

6.      It is estimated that if the case goes to trial, the trial will last approximately two (2) days.

7.      The file is hereby ordered returned to the District Judge to whom this case is assigned for further proceedings.


                                    ____ / s / Judith Gail Dein _____
                                    Judith Gail Dein
                                    United States Magistrate Judge

U.S. Postal Inspection Service
## WARNING AND WAIVER OF RIGHTS

Place: _Somerville Post office_
_237 Washington ST_

Date: _2/20/04_    Time: _9:30 am_

## WARNING

BEFORE YOU ARE ASKED ANY QUESTIONS, YOU MUST UNDERSTAND YOUR RIGHTS.

- You have a right to remain silent.
- Anything you say can be used against you in court.
- You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
- If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
- If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right stop answering at any time until you talk to a lawyer.

I have read this statement of my rights (This statement of my rights has been read to me) and I understand what my rights are.

_2/26/3?_    _9:27 am_    _[signature]_
(Date)      (Time)      (Signature)

## WAIVER

I am willing to discuss subjects presented and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

_____    _____    _____
(Date)      (Time)      (Signature)

Witnessed by: _____

Title: _____

Witnessed by: _____

Title: _____

IS Form **1067** August, 1998 (20260-3117)

Inspection Service
Exhibit
_4_
Label 113, July 1987